KLEIN, J.,
concurring specially.
I agree entirely with the majority opinion. I am writing separately to call the Florida Bar’s attention to the misrepresentation of fact made by attorney Brian Hersh in regard to his obtaining a benefit to the client of the waiver of subrogation liens totaling $75,000. When he first made this representation Mr. Hersh had no basis, so far as this record shows, for making it. He repeated it even after the alleged lienor testified that the lien would have been no more than $10,357.
Mr. Hersh has continued to misrepresent what he accomplished for the client to this court. On page two of appellee’s brief, under the statement of the facts, he states:
As a direct result of Appellee’s actions, the Plaintiffs’ recovery will not be subject to approximately $75,000 in subro-gation claims.
This misrepresentation was repeated in the summary of argument and argument sections of appellee’s brief.
The Comment to Florida Rule of Professional Conduct 4-3.3, which provides that lawyers shall not knowingly make false statements of material facts or law to a tribunal, indicates that the primary goal of this rule is to limit counsel in presenting the client’s case. What Mr. Hersh did in this case is, in my opinion, even more egregious than the type of misrepresentation contemplated by the rule, because this misrepresentation was made solely for the purpose of enriching Mr. Hersh, at the expense of his former client.